IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMIAH LAWRENCE LESCANTZ,<br><br>Defendant. | CR 23-37-M-DWM<br><br>ORDER |

On October 3, 2023 Defendant Jeremiah Lawrence Lescantz appeared before the Court for a detention hearing. The Court has authority to detain a criminal defendant pending a trial if it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The offenses charged in the Indictment invoke the rebuttable presumption contained in 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community if the defendant is released.

1

The presumption of detention shifts the burden of production to the defendant, but the ultimate burden of persuasion remains with the government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Where the defendant proffers sufficient evidence to rebut the presumption, the presumption nevertheless "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in § 3142(g)." *Hir*, 517 F.3d at 1086 (citing *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)). A finding that a defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). A finding that no condition or combination of conditions will reasonably assure a defendant's appearance must be supported by a preponderance of the evidence. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990).

The Court has considered the evidence and arguments presented by counsel as they bear upon the factors listed in § 3142(g). The nature of the offenses charged is very serious as reflected in the sentence Defendant faces if he is found guilty. Despite reporting that he does not have a valid passport, Defendant traveled outside the United States just days prior to his arrest. In addition, Defendant has made threatening statements indicating a risk of safety to others. Accordingly, the Court finds there is clear and convincing evidence to establish that no condition or

combination of conditions will reasonably assure the safety of the community if Defendant were released. The Court further finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance. Accordingly, the Court concludes that Defendant is subject to detention under 18 U.S.C. § 3142(e).

Therefore, IT IS HEREBY ORDERED the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 4th day of October, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge